# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT ALLEN SLOANE,<br>#21626 | )<br>)<br>) |
| Plaintiff, | )  3:11-cv-00008-LRH-RAM |
| vs. | )<br>) |
| STATE OF NEVADA, *et al.*, | )  **ORDER**<br>) |
| Defendants. | )<br>) |

On February 18, 2011, the court issued an Order allowing certain of plaintiff's claims to proceed and dismissing his Fourteenth Amendment equal protection claim (docket #6). Before the court is plaintiff's motion for reconsideration of the screening order (docket #8).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the February 18, 2011 order, the court allowed plaintiff's First Amendment claims to proceed as to certain defendants and dismissed his Fourteenth Amendment equal protection claim because he set forth no allegations that defendants intentionally discriminated against him on the basis of his religion nor any allegations of disparate treatment whatsoever (docket #6). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that the portion of this court's order dismissing the equal protection claim should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's "motion–request rehearing for screening order dismissal of Fourteenth Amendment claim" (docket #8) is **DENIED.**

Dated this 6th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE