**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SCOTT SLOANE, | 3:11-cv-00008-ECR (WGC) |
| Plaintiff, | |
| vs. | **ORDER** |
| STATE OF NEVADA, et. al. | |
| Defendants. | |

Before the court is Plaintiff's Motion for Relief from Final Judgment or Order. (Doc. # 49.)[1] Defendants opposed (Doc. # 53) and Plaintiff replied (Doc. # 55). Also before the court is Plaintiff's Motion for Stay. (Doc. # 54.)

## I. BACKGROUND

Plaintiff Scott Sloane (Plaintiff), a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl. (Doc. #48) at 1.) At all relevant times, Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Defendants are Renee Baker, David McNeely, Claude Willis, and Thomas Prince[2]. (*Id.* at 2, Screening Order (Doc. # 6) at 4-5, and Doc. # 47.)

---

[1] Refers to court's docket number.

[2] It appears Thomas Prince has not yet been served. The court ordered that the Office of the Attorney General notify the court whether it would be accepting service of process for Thomas Prince. (Doc. # 47 at 9.) On February 21, 2012, the Office of the Attorney General advised the court that it was *not* authorized to accept service on behalf of Thomas Prince. (*See* Doc. # 50.) Pursuant to the court's order (*see* Doc. # 47 at 9), the Attorney General filed the last known address of Thomas Prince under seal. (Doc. # 51.) Plaintiff filed a motion identifying Thomas Prince and requested issuance of a summons to the address filed under seal. (*See* Doc. # 56.) The summons was issued on March 12, 2012. (Doc. # 58.) A proof of service of the Summons and Amended Complaint has yet to be filed.

1  Plaintiff initially filed his Complaint in the Seventh Judicial District Court of the State of Nevada, White Pine County, on August 27, 2010, and it was subsequently removed by Defendants on January 5, 2011. (*See* Doc. # 1.)

On screening of the original Complaint, it was determined Plaintiff sets forth a colorable claim for violation of his First Amendment Right to Free Exercise of Religion. (Doc. # 6 at 3-5.)

On July 21, 2011, Plaintiff filed a Motion to Amend his Complaint. (Doc. # 23.) Plaintiff sought to add a defendant to his existing First Amendment claim, Thomas Prince, who he asserts is a former Lieutenant at ESP and the shift supervisor on March 29, 2010, when Plaintiff claims he was denied the items for the Seder ritual. (Doc. # 23 at 3.) Plaintiff also sought to add an equal protection claim against Thomas Prince. (*Id.*) Finally, Plaintiff requested that he be allowed to add equal protection and civil conspiracy claims against Defendants Baker, Willis, and McNeely. (*Id.*)

On January 30, 2012, the court issued an order with respect to Plaintiff's Motion for Leave to Amend. (*See* Doc. # 47.) The court granted Plaintiff leave to amend his complaint to assert a claim for denial of his First Amendment right to the free exercise of religion against Thomas Prince. (*Id.* at 4-6.) The court denied Plaintiff's motion for leave to amend to add an equal protection claim against Thomas Prince. (*Id.* at 6-8.) Finally, the court denied Plaintiff leave to amend to add equal protection and civil conspiracy claims against Defendants Baker, McNeely, and Willis. (*Id.* at 8.)

Plaintiff now seeks relief from the court's order under Federal Rule of Civil Procedure 60(b)(1), with respect to his efforts to add an equal protection claim against Thomas Prince. (Doc. # 49.)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) provides as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…" Fed. R. Civ. P. 60 (b) (1).

2

1     A motion for reconsideration should not merely present arguments previously raised.
2 Stated another way, a motion for reconsideration is not to be used as a mechanism for the
3 losing party to rehash unsuccessful arguments already presented. *See Maraziti v. Thorp*, 52
4 F.3d 252, 255 (9th Cir. 1995) (citing *Ackermann v. United States*, 340 U.S. 193, 199-201
5 (1950)).

6     Plaintiff claims that the court erred in not allowing him leave to amend to add an equal
7 protection claim against Thomas Prince. (*See* Doc. # 49 at 2-8.) Plaintiff argues that the court
8 overlooked the issues he described in his brief regarding equal protection. (*Id.* at 4.)

9     Plaintiff fails to present any new argument showing why the court's denial of leave to
10 amend to add an equal protection claim against Thomas Prince was improper. Plaintiff simply
11 rehashes the arguments set forth in his motion for leave to amend. Nor has he set forth an
12 argument that encompasses the grounds that are a prerequisite to relief under Rule 60(b)(1),
13 *i.e.*, mistake, inadvertence, surprise, or excusable neglect. The court took great care to evaluate
14 Plaintiff's proposed allegations and the arguments in his motion for leave to amend, and
15 determined that Plaintiff failed to state a colorable claim for equal protection against Thomas
16 Prince. (Doc. #47.) The court's ruling will stand.

17     Plaintiff also argues that the court may have improperly relied on Defendants' argument
18 that Plaintiff waived his right to pursue an equal protection claim against Defendant Prince
19 because the court previously dismissed an equal protection claim against three original
20 defendants on screening. (Doc. # 49 at 7.) This was not a factor in the court's analysis. The
21 court specifically found, based on the allegations in the proposed amended complaint, that
22 Plaintiff did not state a colorable claim for equal protection *against Thomas Prince*.
23 ///
24 ///
25 ///
26 ///
27 ///
28

3

Accordingly, Plaintiff's motion (Doc. # 49) is **DENIED**. As a result, Plaintiff's Motion For a Stay (Doc. # 54) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: March 16, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE