UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SCOTT SLOANE

      Plaintiff,                     3:11-cv-0008-LRH-WGC

v.

                                     ORDER

STATE OF NEVADA; et al.,

      Defendants.

Before the court is plaintiff Scott Sloane's ("Sloane") motion for reconsideration of the court's order adopting and accepting the Magistrate Judge's report and recommendation (Doc. #107[1]). Doc. #108. Defendants filed an opposition (Doc. #111) to which Sloane replied (Doc. #117).

**I.**    **Facts and Procedural History**

Plaintiff Sloane, a pro se litigant in custody of the Nevada Department of Corrections ("NDOC"), initiated a civil rights action pursuant to 42 U.S.C. § 1983. Doc. #7. Part of his complaint alleged a violation of his First Amendment rights for receiving non-Kosher meals during Passover.

On March 22, 2012, defendants filed a motion for summary judgment on several of Sloane's claims, including his First Amendment claim for receiving non-Kosher for Passover food

---

[1] Refers to the court's docket number.

items. Doc. #61. On October 5, 2012, the Magistrate Judge issued a report and recommendation recommending this court grant defendants' motion as it related to this claim. *See* Doc. #95. On January 31, 2013, the court adopted and accepted the Magistrate Judge's report and recommendation (Doc. #95) and granted defendants' motion for summary judgment (Doc. #61) as it related to Sloane's non-Kosher for Passover meal claim. Doc. #107. Thereafter, Sloane filed the present motion for reconsideration. Doc. #108.

**II.    Discussion**

Sloane brings his motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 60(b) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, fraud, or mistake. FED. R. CIV. P. 60(b); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Sloane argues that the court erred in adopting and accepting the report and recommendation as it related to his non-Kosher for Passover meal claim because he received non-Kosher meals during the Passover holiday in violation of his First Amendment rights. *See* Doc. #108. At the heart of Sloane's motion is the difference between normal Kosher meals and special Kosher for Passover meals. During Passover, additional food items, known as Kitniyot, are disallowed. These additional disallowed food items include peanuts and peanut butter, mustard, and scaled fish not specifically marked Kosher for Passover.[2]

Here, it is undisputed that Sloane received normal stock Kosher prison food for his Passover meals. These Kosher meal items included tuna in an unmarked can, mustard, and peanut

---

[2] For an in-depth list of foods that are generally Kosher, but are not Kosher for Passover, see The Shiksa Blog, *http://theshiksa.com/what-foods-are-kosher-for-passover/*.

butter. *See* Doc. #68, Exhibit 2. Although these standard prison food items are Kosher, they are not Kosher for Passover. Thus, it is undisputed that Sloane did in fact receive inappropriate meal items during the Passover holiday.

However, the court finds that reconsideration of its prior order granting defendants summary judgment is not warranted because defendants are entitled to qualified immunity. Although Sloane received inappropriate meal items during the 2010 Passover holiday, it is undisputed that these same meal items were served to Sloane during the 2009 Passover holiday and for many years previously. Yet, Sloane never filed a grievance with the prison complaining of the food he received, nor did he refuse his prior Passover meals. As such, Sloane did not put defendants on notice that their conduct was improper or unconstitutional. Thus, defendants are entitled to a good-faith defense in this action because the "unlawfulness" of the alleged non-Kosher meal was not "apparent" to defendants. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Accordingly, the court shall deny Sloane's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #108) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of August, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3