UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| SCOTT ALLEN SLOANE, | ) | 3:11-cv-00008-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | August 8, 2013 |
| | ) | |
| STATE OF NEVADA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    Katie Lynn Ogden    REPORTER:    FTR

COUNSEL FOR PLAINTIFF:    Scott Allen Sloane, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:    Kaitlyn Miller

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:36 a.m. Court convenes.

I.   **Pending Motions**

   A.   **Plaintiff's Motion to Strike (Dkt. #123)**

   Plaintiff seeks an order from the Court striking Defendants' Response to Plaintiff's Motion to Extend Time Regarding Discovery (Dkt. #122). Mr. Sloan indicates that Defendants document contains false information and requests that the document be stricken from the record.

   The Court explains, pursuant to LR 7-2, the relief to seek when a party untimely responds to a motion is typically not a motion to strike but rather a request for the Court to constitute a parties untimely response as a consent to the granting of the motion. Furthermore, the Court will typically consider a motion to strike on the basis of the substance at issue rather than on a procedural technicality.

   For the reasons stated above, Plaintiff's Motion to Strike (Dkt. #123) is **DENIED**.

   B.   **Plaintiff's Motion to Compel (Dkt. #124)**

   Plaintiff's Motion to Compel has multiple components including: (1) Request for

MINUTES OF PROCEEDINGS
3:11-cv-00008-LRH-WGC
Date: August 8, 2013
Page 2

Production of Documents No. 1; (2) the validity of responses to Request for Admissions No. 3; (3) the validity of Admissions No. 5; and (4) production of institutional bulletin.

### 1. Request for Production of Documents No. 1

Ms. Miller represents that, to her knowledge, all e-mails in response to Plaintiff's request for production of documents have been produced to the Plaintiff.

In view of Defendants' representation, Plaintiff's Request for Production of Documents No. 1 is **DENIED**.

### 2. Request for Admissions No. 3

The Court states Defendants' response does not address Plaintiff's question adequately.

Therefore, Plaintiff's Request for Admissions No. 3 is **GRANTED**.  Defendants are ordered to supplement their response as to this request for admissions.

### 3. Request for Admissions No. 5

Plaintiff voluntarily withdraws his Request for Admission No. 5.

In view of Plaintiff's withdraw, Request for Admissions No. 5 is **DENIED as moot**.

### 4. Request for Production of an Institutional Bulletin

Plaintiff voluntarily withdraws his request for production of an institutional bulletin.

In view of Plaintiff's withdraw, Request for Production of an institutional bulletin is **DENIED as moot**.

### C. Plaintiff's Motion for Sanctions (Dkt. #125)

Plaintiff voluntarily withdraws his request for sanctions.

In view of Plaintiff's withdraw, Plaintiff's Motion for Sanctions (Dkt. #125) is **DENIED as moot**.

MINUTES OF PROCEEDINGS
3:11-cv-00008-LRH-WGC
Date: August 8, 2013
Page 3

### D. Plaintiff's Motion to Compel (Dkt. #126)

#### 1. Request for Production of Documents No. 1

Plaintiff indicates there are two components to the Request for Production of Documents No. 1. The first component is with regard to being afforded the opportunity to visually review his grievance file. The second component is the production of a memorandum that states the grievance file being provided for Plaintiff's review is a full and complete copy.

Plaintiff indicates he has been provided the opportunity to visually review his grievance file, however, he has not been provided the memorandum. Mr. Sloan states that Defendant Baker stated in an admission request that the grievance file is a full and complete copy. However, Mr. Sloan has copies of four (4) separate grievance, in his possession, that are not in his grievance file.

In view of Plaintiff's representation that he has been afforded the opportunity to review his grievance file, Plaintiff's first component of his Request for Production of Documents No. 1 is **DENIED as moot**. As to component number two, it appears the memorandum Plaintiff seeks would entail the Defendants to prepare a new document. The Court advises Mr. Sloan that, pursuant to Federal Rules of Civil Procedure 34, Defendants are not required to affirmatively undertake the production of new document. Therefore, as to the second component of Request for Production of Documents No. 1 is **DENIED**. However, in light of Mr. Sloan's representation that Defendant Baker allegedly stated his grievance file was a full and complete copy, the Court notes that it will reopen discovery for Plaintiff to serve Interrogatories.

#### 2. Request for Production of Documents No. 2

The Court finds Mr. Sloan's request for the NOTIS report to be appropriate and is within the scope of Plaintiff's original requests for production of documents.

Therefore, Plaintiff's Request for Production of Documents No. 2 is **GRANTED**. Defendants are directed to supplement their response to this request. Ms. Miller notes that should there be separate reports for regular grievances and emergency grievances, she will provide both reports.

### E. Plaintiff's Motion to Strike (Dkt. #137)

Plaintiff voluntarily withdraws his request to strike Defendants' Response to Plaintiff's Motions Regarding Discovery.

MINUTES OF PROCEEDINGS
3:11-cv-00008-LRH-WGC
Date: August 8, 2013
Page 4

In view of Plaintiff's withdraw, Plaintiff's Motion to Strike (Dkt. #137) is **DENIED as moot**.

### F.  Plaintiff's Motion for Sanctions (Dkt. #143)

The Court clarifies for the record that Defendants' Response to Plaintiff's Motion for Sanctions (Dkt. #145) is entitled "Opposition to Motion to Strike."

The parties briefly state their position with regard to Plaintiff's request for sanctions.

The Court finds the plaintiff's request for sanctions is not appropriate. Furthermore, the request does not comply with the safe harbor provision of Rule 11(c)(2) which requires a party requesting sanctions to serve a copy of the sanction motion on the opposing party at least twenty-one (21) days prior to filing the motion with the court. Therefore, Plaintiff's Motion for Sanctions (Dkt. #143) is **DENIED**.

### G.  Plaintiff's Motion/Stipulation to Extend Discovery (Dkt. #120)

Ms. Miller indicates, to her knowledge, there are currently no pending discovery requests other than the pending discovery disputes raised in Plaintiff's two Motions to Compel (Dkt. ## 124 and 126). Furthermore, Defendants do not intend to conduct any further discovery. Although the Defendants had originally filed a non-opposition to Plaintiff's Motion/Stipulation to Extend Discovery (Dkt. #122), their position has changed and, now, oppose plaintiff's extension request.

Mr. Sloan asserts that he does intend to conduct further discovery, specifically, interrogatories as to Defendant Baker, Defendant Willis and Defendant McNeely. Mr. Sloan indicates the discovery he will be seeking may be in response to any supplemental responses the Defendants are ordered today as a result of the disposition of two motions to compel.

Having heard from the parties and good cause appearing, the Court will reopen discovery for the limited purpose of allowing Plaintiff to serve Interrogatories and/or Requests for Admissions as to Defendant Baker, Defendant Willis and Defendant McNeely. Plaintiff shall have thirty (30) days to serve the interrogatories after the Defendants provide their supplemental responses as to Plaintiff's two motions to compel. The Court directs that there be a specific deadline for Plaintiff to serve discovery, which shall be **Friday, September 30, 2013**. Ms. Miller is directed to file a Notice with the Court once Defendants have filed their supplemental responses, which, will then trigger the thirty (30) days in which Plaintiff has to conduct the limited discovery granted today. Thereafter discovery is served (whether that be the specified deadline for Plaintiff to serve discovery or if discovery is served prior to that deadline),

MINUTES OF PROCEEDINGS
3:11-cv-00008-LRH-WGC
Date: August 8, 2013
Page 5

Defendants shall have thirty (30) days to provide responses to the reopened, limited discovery.

The Court specifically states that the reopening of discovery is limited to the following parameters:

– As to Defendant Willis: limited to questions directly associated with the logs.

– As to Defendant McNeely: limited to the request for admission dispute.

– As to Defendant Baker: limited to the alleged absence of records as to the plaintiff's grievance file.

Therefore, Plaintiff's Motion/Stipulation to Extend Discovery (Dkt. #120) is **GRANTED**.

I.   **Confirmation for Status Conference**

The Court schedules a Status Conference for **Thursday, October 3, 2013, at 9:30 a.m.** Each party shall file a statement providing the Court with a status of the limited discovery directed to be conducted today. The statement should also include discussion regarding whether the parties should be allowed to file dispositive motions. The statement shall be filed with the Court no later than **Monday, September 30, 2013**.

**IT IS SO ORDERED.**

10:44 a.m. Court adjourns.

LANCE S. WILSON, CLERK


By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk